MICHAEL STEVENS, and another *vs.* DANIEL MAYBERRY, and ADLET MAYBERRY.

Cumberland.    Opinion July 20, 1889.

*Married woman.    Contract.    Consideration.    Stat. Frauds.*

In an action against husband and wife, the wife alone defending, to recover for grain furnished as feed for horses owned by the wife and used by the husband in his business, it being admitted that most of the grain was delivered on his credit, *Held,* that the action could not be maintained against the wife, on the ground that she owned the horses, and subsequently promised to pay for the grain.

Such promise, made after the debt was contracted, would not be binding, for want of consideration; and not being in writing would be invalid under the statute of frauds.

Mere ownership of the horses is not sufficient to charge her upon an implied promise.

ON REPORT, from the superior court, for Cumberland county.

This was an action of assumpsit to recover a balance of account claimed to be due for grain. The defendants are husband and wife. The husband was defaulted. The wife defended and pleaded the general issue.

The facts in issue appear in the opinion.

*W. F. Lunt*, for plaintiffs, cited *Verrill* v. *Parker*, 65 Maine, 578.

*A. F. Moulton*, for defendant, cited: R. S., c. 61, § 4; *Yates* v. *Lurvey*, 65 Maine, 221; *Rollins* v. *Crocker*, 62 Maine, 244; *Ferguson* v. *Spear*, 65 Maine, 277.

WALTON, J. Action against husband and wife. The husband has been defaulted. The wife alone defends. The suit is for grain furnished as feed for horses owned by the wife and used by the husband in his business as a truckman. It is admitted that most of the grain was delivered on the credit of the husband, and it is sought to charge the wife on the ground that she owned the horses and subsequently promised to see that the grain was paid for.

We can not regard the alleged promise as proved. One of the plaintiffs affirms it and the defendant denies it; and there is nothing in the situation of the parties or the circumstances to indicate that the one is more reliable than the other. And the mere fact that the wife owned the horses is not under the circumstances sufficient to charge her upon an implied promise. *Ferguson* v. *Spear*, 65 Maine, 277.

Besides, if the express promise could be regarded as proved, being made after the debt was contracted, it would not be binding upon the defendant for want of consideration; and not being in writing would be invalid under the statute of frauds. *Richardson* v. *Williams*, 49 Maine, 558; *Rollins* v. *Crocker*, 62 Maine, 244; *Sawyer* v. *Fernald*, 59 Maine, 500.

It is claimed that a portion of the grain, being the amount charged in the last four items on the plaintiffs' bill, amounting to $13.10, was delivered originally on the wife's credit. Here again we have an issue, but no such preponderance of evidence as will support the affirmative. One of the plaintiffs testifies

that he said to her that if they delivered any more grain they should charge it to her, and that she answered, "all right." She denies saying so. If we could see the witnesses and hear them testify, perhaps we could determine which is the more credible. But we have no such opportunity. The case is before us on report from the superior court. And on paper the two witnesses appear to be equally intelligent and equally credible, and we can not regard the alleged agreement as proved.

The result is that in our opinion the action is not maintained against the wife, and that she is entitled to judgment in her favor.

*Judgment against the husband,
but not against the wife.*

PETERS, C. J., DANFORTH, VIRGIN, EMERY and HASKELL, JJ., concurred.